## Tumine Estate

*Richard A. Montgomery*, for accountant.

*Samuel A. Montgomery* and *Albert J. Taylor*, for claimants.

*Norman Snyder*, for Commonwealth.

VAN RODEN, P. J., January 12, 1961.—The account presently before the court for audit was filed by the guardian of the estate of the above-named incompetent for the purpose of obtaining an adjudication (in effect

a declaratory judgment) by the court regarding the validity and the priority of claims against the estate.

The incompetent, Josephine Tumine, is alive and continues to be an inmate of the Norristown State Hospital, in Norristown.

According to the statement of proposed distribution there are four claims against the estate, which are not admitted by the accountant. Said claims are in two separate categories, to wit: (1) The claim of the Commonwealth of Pennsylvania for the care and other services furnished to the present incompetent at the State institution in the sum of $10,893.89; and (2) three claims by individuals, all related to the incompetent, for moneys alleged to have been advanced, expended, furnished or lent for the care, maintenance or benefit of the incompetent, as follows:

(a) Frances Iademarco in the sum of $863.90.

(b) Rose DeNicola in the sum of $2,298.12.

(c) Estate of John Tumine, deceased, in the sum of $2,341.60.

Counsel appearing for the three claimants above-named admit the validity of the claim of the Commonwealth, and admit the priority of this claim over the claims of the other three claimants.

Counsel for the Commonwealth agreed on the record that he did not dispute the ability of the other claimants to produce sufficient evidence to substantiate their claims, with the qualification and proviso that all of said claims accrued prior to the year 1950. This was agreed to by counsel for said claimants.

Thereupon, counsel for the Commonwealth pleaded the statute of limitations: Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31.

The three claimants by their counsel contend that the right to plead the running of the statute of limitations is a personal privilege which can be invoked only by the debtor.

It has been held that incompetency does not of itself toll the running of the statute of limitations. Way v. Hooton, 156 Pa. 8 (1893). Also, in the absence of a specific saving provision, insanity does not suspend the running of the statute: Walker v. Mummert, 394 Pa. 146 (1958).

The present situation in this case is *not* that the Commonwealth as a creditor seeks to recover only the amount of its claim which is due at this time and, therefore, may not deprive the other claimants of their right to collect all or a portion of what is due to them by the estate of the incompetent by pleading the statute of limitations.

It is undenied that insasmuch as the incompetent is presently an inmate of the State hospital and will continue to remain in that institution for an indefinite period of time in the future, a continuing liability exists by the estate to the Commonwealth for such institutional care of the incompetent as shall be furnished her.

Therefore, we hold that the Commonwealth presently has such an interest in the assets of this estate which includes the right to protect said interest by pleading the statute of limitations as a defense to the claims of the other claimants.

Accordingly, the claim of the Commonwealth of Pennsylvania in the sum of $10,893.89 is hereby allowed and the accountant is directed to pay the sum out of the balance on hand for distribution.

The claims of Frances Iademarco, Rose DeNicola and the Estate of John Tumine, deceased, are hereby disallowed, subject, however, to the provision that the decision in the present instance shall not prevent or prejudice them from presenting further claims at such time as the Commonwealth shall be entitled to no further recovery from this estate.

And further, the balance remaining is hereby awarded back to the accountant for further administration and accounting in due course.